Jennifer L. Neeleman, WSBA #37374
Thomas D. Neeleman, WSBA #33980
NEELEMAN LAW GROUP, P.C.
1403 8th Street
Marysville, WA  98270
Telephone: (425) 212-4800
Fax: (425) 212-4802
Email: jennifer@neelemanlaw.com
Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| In re: | CHAPTER 11 |
|---|---|
| ALEXI & SARAH MATOUSEK | CASE NO. 25-1369 |
| Debtor. | FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' 2ND AMENDED CHAPTER 11 SUBCHAPTER V PLAN OF REORGANIZATION |

THIS MATTER came before the Honorable Fredrick P. Corbit on October 15, 2025 at 2:00 pm for confirmation of Debtors' 2nd Amended Chapter 11 Subchapter V Plan of Reorganization filed on October 6, 2025 [ECF No. 44] (the "Plan").  Neeleman Law Group, P.C. appeared as counsel for the Debtors.  Other appearances are as noted in the record.  The Court having reviewed the Debtors' Plan, the Declaration of Alexi & Sarah Matousek, and other pleadings filed in the case, having heard the arguments of counsel, makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1)	Debtors filed this Chapter 11 Subchapter V proceeding on August 1, 2025 [ECF No.  1].

Findings of Fact

1403 8th Street
Marysville, WA  98270
P 425.212.4800 || F 425.212.4802

Neeleman
Law
Group

25-01369-FPC11    Doc 59    Filed 10/16/25    Entered 10/16/25 15:55:01    Pg 1 of 5

2) Debtors filed a 2nd Amended Plan of Reorganization on October 6, 2025 [ECF No. 44].

2) The Plan contains a brief history of the business operations of the Debtors, a liquidation analysis, and projections with respect to the Debtors' ability to make Plan payments. As such, the Plan complies with 11 U.S.C. §1190.

3) As set forth more fully below, the requirements under 11 U.S.C. §1129(a) are met.

4) The Plan Complies with Bankruptcy Code §1129(a)(1) as the Plan satisfies the requirements of 11 U.S.C. §§1122 and 1123. Article III of the Plan designates six (6) separate Classes of Claims and Interests as required by the Bankruptcy Code §1123(a)(1). Article V of the Plan designates the classes of claims which are not impaired by the Plan in accordance with 11 U.S.C. 1123(a)(2). The treatment of each Claim or Interest within a Class is either (i) the same as treatment of each other Claim or Interested in such class or (ii) otherwise consistent with the legal rights of such claimant in accordance with 11 U.S.C. §1123(a)(4).

The Plan provides adequate means for its implementation as described in detail in Articles V, VI, VII , and XI by providing for, among other things (i) a method for funding payments to be made on account of allowed Claims; (ii) provision for the distribution of property under the Plan, (iii) resolution of Disputed Claims and (iv) a method for distribution of payments to allowed claims. Accordingly, the provision for implementation of the Plan satisfies 11 U.S.C. §1123(a)(5).

The Plan provides for the payment to creditors under the Plan from a combination of future business income and regular employment income in accordance with 11 U.S.C. §1123(a)(8).

Findings of Fact

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

25-01369-FPC11    Doc 59    Filed 10/16/25    Entered 10/16/25 15:55:01    Pg 2 of 5

5) The Plan Proponent Complies with Bankruptcy Code §1129(a)(2). The Court has not issued an order making 11 U.S.C. §1125 applicable and therefore no disclosure statement was prepared in connection with the Plan. The initial plan and subsequent amended plans contain information regarding the historical information regarding the Debtor's business and disclosure regarding the Debtors assets as of the Petition Date. On September 10, 2025, the Debtor sent via first class US mail, the 1st Amended Plan with Exhibits, Order Setting Confirmation Hearing and Related Deadlines, and Ballot were mailed to all creditors and parties of interest as set forth on the proof of service filed on September 10, 2025 [ECF No. 33].

6) The Plan is Proposed in Good Faith Pursuant to Bankruptcy Code §1129(a)(3). The Plan is structured and proposed in a manner that effectuates the objectives and purposes of the Bankruptcy Code. The Plan contains no provisions that are contrary to state or other laws nor is there any indication that the Debtors lack the ability to consummate the Plan.

7) The Plan Complies with Bankruptcy Code §1129(a)(4). The Plan allows for payment of administrative expenses of the kind specified in 11 U.S.C. §507(a)(1), which includes compensation awarded by the Court to professional persons. The amount has been estimated in the Plan and any payment to be made by the Debtors for services or costs and expenses in connection with the will be approved by Court prior to payments being made.

8) 11 U.S.C. § 1129(a)(5) is inapplicable in this case as no individuals are proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtors, participate in a joint plan with the Debtors, or be a successor to the Debtors under the plan.

9) 11 U.S.C. § 1129(a)(6) in inapplicable in this case as no such regulatory approval is required.

Findings of Fact

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

Neeleman Law Group

25-01369-FPC11    Doc 59    Filed 10/16/25    Entered 10/16/25 15:55:01    Pg 3 of 5

10) The Plan Complies with Bankruptcy Code §1129(a)(7). A hypothetical liquidation analysis in Chapter 7 has been filed and attached to the Plan as Exhibit D. Under the Plan, each individual holder of a claim or interest who has not accepted the plan will receive or retain property having a present value of not less than what such holder would receive if the property were liquidated under the Chapter 7.

11) The Plan Complies with Bankruptcy Code §§1129(a)(8). Classes 1 through 5 are unimpaired and not entitled to vote for or against the Plan. Class 6 is entitled to vote for or against the Plan. With respect to Class 6 claims, three acceptance votes were received from American Express and two rejection votes were received from Brad Shain as successor to MBI, LLC and Merchants Bank of Indiana. After the 2nd Amended Plan was filed, the rejection votes were amended to acceptance votes. 100% of the votes were in favor of the Plan.

12) The Plan Complies with Bankruptcy Code §1129(a)(9). The Plan provides for administrative claims against the Debtor to be paid in full as of the Effective Date. The Plan provides for priority claims under 11 U.S.C. §507(a)(8) to be paid during the term of the Plan, not ending 5 years after the date of the order for relief.

13) The Plan Complies with Bankruptcy Code §1129(a)(10). Impaired Class 6 has voted to accept the Plan.

14) The Plan Complies with Bankruptcy Code §1129(a)(11). The Plan shall be funded by regular income of the Debtors. Payments under the plan will be feasible such that confirmation of the Plan is not likely to be followed by the need for liquidation other than that provided in the Plan.

15) The Plan Complies with Bankruptcy Code §1129(a)(12). Debtors paid the Chapter 11 filing fee upon filing and owe no other court fees or fees to the US Trustee.

Findings of Fact

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

Neeleman Law Group

25-01369-FPC11    Doc 59    Filed 10/16/25    Entered 10/16/25 15:55:01    Pg 4 of 5

16) Bankruptcy Code §1129(a)(13) is not applicable to this case.

17) Bankruptcy Code §1129(a)(14) is not applicable to this case.

18) The Plan Complies with Bankruptcy Code §1129(a)(15). No objections to the Plan have been filed.

19) Bankruptcy Code §1129(a)(16) is not applicable to this case.

20) The Plan Complies with Bankruptcy Code §1129(c). The Plan is the sole plan that has been proposed, and thus we believe that the requirement of §1129(c) has been met.

21) The Plan Complies with Bankruptcy Code §1129(d). The Plan does not have as one of its principal purposes the avoidance of taxes or avoidance of requirements of section 5 of the Securities Act of 1933, and we are not aware of any filing by any governmental agency asserting such avoidance.

22) The Plan meets the requirements for confirmation under 11 U.S.C. §1191(a).

//END OF ORDER//

Presented by:
NEELEMAN LAW GROUP, P.C.
*/s/ Jennifer L. Neeleman*
Thomas D. Neeleman, #33980
Jennifer L. Neeleman, #37374
1403 8th Street
Marysville, WA 98270
Telephone (425) 212-4800

Findings of Fact

Neeleman Law Group
1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

25-01369-FPC11    Doc 59    Filed 10/16/25    Entered 10/16/25 15:55:01    Pg 5 of 5